### In re WILDCAT CONSTRUCTION CO., Inc.

[648 A.2d 827]

No. 91-523

May 3, 1993. Appellant challenges the Environmental Board's exercise of Act 250 jurisdiction over its trucking operations site in St. Albans. We affirm.

Appellant has operated its Chubb Street trucking operations site in St. Albans since acquiring the property

in 1970. In 1983, appellant was issued an Act 250 permit containing conditions on the use of the property, including restrictions on its hours of operation and limits on truck traffic. The permit incorporated conditions contained in a 1981 settlement agreement, which resolved alleged zoning violations. Appellant did not appeal the permit or challenge the Board's jurisdiction. The 1983 permit was amended in 1984 at appellant's request, and an additional condition, Condition 5, was imposed. Condition 5 reserved to the District Environmental Commission "the right to schedule site visits and public hearings to evaluate and impose additional conditions," beginning on June 1, 1984 and expiring June 1, 1989.

After conducting site visits to the property in early 1989 and holding a subsequent hearing in June 1989, the District Commission issued an order on October 18, 1989, finding appellant not in compliance with the permit. The Commission forwarded its findings and order to the Board and recommended that the Board revoke appellant's permit and amendment. The Board declined to do so; instead, it issued an amended permit imposing more extensive restrictions on the use of the property. It also incorporated prior amendments to the permit, including the District Commission's extension of the expiration of Condition 5 until June 1, 1995. Appellant appealed from the Board's order and the imposition of additional conditions on the permit.

Appellant first claims that the Board lacked Act 250 jurisdiction when it first issued the land use permit in 1983 because the project was less than ten acres and located in a town that had adopted permanent zoning and subdivision regulations. See 10 V.S.A. §§ 6001(3), 6081(a). Appellant did not challenge the District Commission's jurisdiction in 1983 nor did it appeal the 1983 permit, and therefore the attachment of jurisdiction became final. In addition, we have recently held that the issue of Act 250 jurisdiction must be raised before the Board and, barring "extraordinary circumstances," failure to raise a jurisdictional challenge below will foreclose the issue from being raised before this Court on appeal, pursuant to 10 V.S.A. § 6089(c). In re Denio, 158 Vt. 230, 234, 608 A.2d 1166, 1169–70 (1992). As in Denio, we find no extraordinary circumstances that would excuse the lack of preservation of the jurisdictional issue under § 6089(c). Id.

Alternatively, appellant contends that even if jurisdiction were proper for the 1983 permit, such jurisdiction dissolved, as a matter of law, upon adoption by St. Albans of permanent zoning and subdivision bylaws by 1987, and the permit became void. We disagree. No provision of Act 250 allows for subsequent adoption of bylaws to remove the Board's jurisdiction over a preexisting development. The issue of Act 250 jurisdiction is determined at the commencement of the project. In re Agency of Administration, 141 Vt. 68, 79, 444 A.2d 1349, 1354 (1982). Once jurisdiction attaches, and a permit conditioning land use is issued, that permit and its conditions will remain in force even if the town subsequently adopts zoning bylaws that would have preempted Act 250 jurisdiction from attaching had the project commenced on the date of adoption. To retroactively divest the Board of its jurisdiction by automatically dissolving all Act 250 permits in existence when a town adopts bylaws would frustrate the purposes of the protection afforded by Act 250. Doing so would place the projects formerly regulated under Act 250 in an administrative limbo

between dissolved Act 250 jurisdiction and the application of the newly enacted regulations, and would be inconsistent with the legislature's scheme of control over development. In addition, appellant never challenged the continued enforceability of the permit at the time the bylaws were adopted, nor questioned the permit's validity until five years after it was issued. Appellant, therefore, is estopped from retroactively challenging the continued Act 250 jurisdiction now. See *Denio*, 158 Vt. at 234, 608 A.2d at 1169.

Appellant next contends that the District Commission lacked authority to reopen the permit proceedings to ensure compliance with the permit, and that even if it had the authority, the right to impose new conditions reserved by Condition Five expired on June 1, 1989. Appellant claims that by holding a hearing on June 8, 1989, and issuing its findings of noncompliance and imposing new conditions on October 18, 1989, the Commission failed to comply with its own time requirements. Appellant argues that because the Commission did not impose additional conditions within its five-year time limit, no further conditions could be added after the expiration date. While we agree that the Commission's right to impose conditions under Condition Five expired on June 1, 1989, we find that has no bearing on the fact that appellant was in violation of its original permit and thus was subject to revocation of its permit by the Board, pursuant to Board Rule 38(A). The underlying permit and amendment were still in force and not due to expire until October 1, 2003, and appellant was required to conform to the conditions contained therein for the entire duration of the permit or else be subject to revocation proceedings.

The Board has the power to revoke a permit if it finds, after a hearing, that the applicant has violated the terms of the permit or any permit condition. Board Rule 38(A)(2)(b). In addition, where "a permit holder is responsible for repeated violations, the board may revoke a permit without offering an opportunity to correct a violation." Board Rule 38(A)(2)(c). Here, the Board had ample evidence of appellant's repeated violations of its permit and the conditions imposed by the permit sufficient to support a full revocation of the permit by the Board. Instead, the Board decided to allow appellant to continue its operations at the Chubb Street site provided it would comply with conditions reasonably imposed to protect the health and safety of the residents of the Chubb Street neighborhood. The Board has the authority to impose specific conditions "as are allowable within the proper exercise of the police power" on the grant of an Act 250 permit, 10 V.S.A. § 6086(c), so long as such conditions are "reasonable." *In re Denio*, 158 Vt. at 240, 608 A.2d at 1172. We find that the Board's imposition of additional restrictions on appellant's use of the Chubb Street site was not only reasonable under the circumstances, but lenient.

Appellant's final argument is that the conditions imposed by the Board were not supported by the evidence in the record. This Court employs a deferential standard of review when the sufficiency of the evidence relied upon by the Board is questioned. *In re Quechee Lakes Corp.*, 154 Vt. 543, 554, 580 A.2d 957, 963 (1990). The "substantial evidence" test to be employed is whether, upon a review of the record, the Court could reasonably find that there was sufficient relevant evidence to support the Board's conclusion. *Id.*; see 10 V.S.A. § 6089(c). After reviewing the Board's conclusions in light of the record, we find

that the Board's conclusions were supported by ample evidence. We find the additional conditions imposed by the Board to be reasonable under the circumstances and related to legitimate safety and health issues, and thus must be upheld.

*Affirmed.*

Motion for reargument denied July 9, 1993.